IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS FLOYD CROW,

    Petitioner,

v.                                      CASE NO. 5:10-cv-00314-SPM -GRJ

WALTER MCNEIL,

    Respondent.

_____/

## O R D E R

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The docket does not reflect that Petitioner has either paid the $5.00 filing fee or filed a motion for leave to proceed as a pauper. Further consideration of the petition will be deferred until the fee is paid or Petitioner is granted leave to proceed as a pauper.

Accordingly, it is **ORDERED:**

1. That the Clerk shall forward to Petitioner an application for leave to proceed as a pauper;

2. That Petitioner shall have until **January 21, 2011**, to either file an application for leave to proceed as a pauper or to pay the $5.00 filing fee, and to provide the Court with an additional service copy of the Petition;

3. **That failure to comply with this order as instructed, or to show cause as to why Petitioner is unable to comply, may result in the dismissal**

**of this case for failure to prosecute and failure to comply with an order of this court.**[1]

**DONE AND ORDERED** this 22nd day of December 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post- conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review <u>does not</u> toll the one-year limitation period under § 2244(d)(2)).

*Case No: 5:10-cv-00314-SPM -GRJ*