IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS FLOYD CROW,

    Petitioner,

v.                                                             CASE NO. 5:10-cv-314-RH-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. This case is presently before the Court on Doc. 15, Respondent's motion to dismiss the Petition as time-barred. Respondent has submitted the relevant state court records with the motion. Docs. 16 & 17. The Petitioner failed to file a response to the motion to dismiss and therefore on December 7, 2011 the Court issued an Order to Show Cause, Doc. 18, directing the Petitioner to show cause why the motion to dismiss should not be granted. Petitioner was advised that if the petition is dismissed he will be barred from filing a second or successive § 2254 petition without first obtaining an order from the court of appeals authorizing the district court to consider it. The Court also advised the Petitioner that failure to respond to the show cause order would result in the dismissal of his petition for failure to comply with a court order and for failure to prosecute. Petitioner has not filed a response to the motion to dismiss nor has he responded to the Court's order to show cause.

Accordingly, for the following reasons, Petitioner's petition should be dismissed for failure to prosecute. Further, the Respondent's motion to dismiss should be granted

because the petition was filed untimely.

## Background and Petitioner's Claim

Petitioner was sentenced to life in prison on April 26, 1985 for a first degree murder, which occurred in November 1983 when Petitioner stabbed the victim in a fight near Highway 79 after the victim left a bar. Petitioner testified that he had stabbed the victim to avoid being raped. A swab of the victim's anus revealed the presence of sperm.

Seventeen years later the Petitioner filed a motion for postconviction DNA testing. Ex. G. On January 16, 2007 the Florida Department of Law Enforcement ("FDLE") issued a report of the DNA testing. The report was sent to Petitioner's attorney on February 19, 2007. Ex. L.  One hundred thirty days later Petitioner filed a motion for postconviction relief based upon the new DNA evidence. Ex. M. The trial court conducted a hearing on Petitioner's motion. A FDLE analyst testified at the hearing that there were two samples from the anal swab to analyze – a semen sample and a non semen sample. According to the FDLE analyst , on the semen sample he was not able to generate a DNA profile because of degradation of the sample due to age. He was able, however, to obtain a DNA profile from the non semen sample. With regard to the non semen sample, the major component of the sample was from the victim and the minor contributor of the portion of the sample was consistent with the FDLE analyst's own DNA and excluded the Petitioner. Thus, the DNA testing did not answer the question of whose sperm was on the semen sample. As to the non semen sample the major component of the sample was the victim's own DNA. As to the minor contributor of the non semen sample the Petitioner was probably excluded. In short, the results of

the DNA sample were not probative of whether Petitioner committed the murder since the Petitioner was not charged with sexually assaulting the victim. The trial court denied Petitioner's motion for postconviction relief. Petitioner appealed and on October 7, 2009 the First District Court of Appeals issued a per curiam affirmance without written opinion. Ex. U. After rehearing was denied the First District issued the mandate on December 7, 2009. Ex. X.  The Petition was filed in this case on December 6, 2010. Doc. 1.

## Discussion

The Petition is due to be dismissed for three reasons. First, the Petitioner has failed to prosecute this case after filing his petition. Secondly – and independent of Petitioner's failure to prosecute – the Petition is due to be dismissed as time barred because Petitioner failed to file his petition within one year of the newly discovered evidence. Thirdly –  while the Petition is framed as one based upon newly discovered evidence and more properly should be viewed as a claim based upon actual innocence – even if Petitioner was entitled to bring a federal habeas claim based upon a free standing claim of actual innocence, the DNA test results would not entitle the Petitioner to relief because the test results are not probative of guilt.

Turning briefly to Petitioner's failure to prosecute this case, the Petitioner never filed a response to the motion to dismiss and despite the directive from the Court in the Court's show cause order the Petitioner never filed a response. Indeed, despite the Court's notice and warning that the motion to dismiss would be granted and the petition would be dismissed if Petitioner failed to respond to the show cause order the Petitioner did nothing. There is no evidence on the docket that Petitioner did not receive the

Court's order and it appears that the Petitioner has been housed at Holmes Correctional Institution during the pendency of this case.

Petitioner's failure to comply with the Court's orders has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[. ]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ( "It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution. N.D. Fla. Loc. R. 41.1(A).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985).  Here, despite the fact that Petitioner has been afforded more than eight months to respond and has failed to do so amounts to a failure to prosecute and thus dismissal is appropriate.

Second – and independent of whether the Petitioner has abandoned his case – the petition is due to be dismissed because the petition was filed more than one year after Petitioner was advised of the results of the DNA testing.

A one-year period of limitation applies to the filing of a habeas petition by a

person in custody pursuant to a state court judgment and runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under section 2244(d)(1)(A), the one year period begins to run on the date the conviction becomes final on direct review. In cases such as this, where the conviction became final before the effective date of the amendment creating the time limit for the filing of petitions, the time period begins to run on April 24, 1996, the date the amendment became effective. *Wilcox v Florida Dep't. of Corrections*, 151 F.3d 1335 (11th Cir. 1998). Petitioner's conviction became final in 1987, after the time period for filing a writ of certiorari expired following his direct appeal. Accordingly, under AEDPA, Petitioner was required to file his habeas petition in 1997.

In cases such as this, where the Petitioner attempts to rely upon newly discovered evidence under § 2244(d)(1)(D), Petitioner must show that the petition was filed within one year of the date on which the new evidence was discovered or could have been discovered through the exercise of due diligence. Petitioner failed to file the petition within one year of when he was provided with the DNA results, which is the new evidence Petitioner contends entitles him to habeas relief.

The FDLE report containing the results of the DNA testing was issued on

January 6, 2007. Notably, the FDLE report was sent by facsimile to Petitioner's attorney on February 19, 2007. Ex. L. Thus, on February 19, 2007 the one year period began to run. The limitations period was not tolled until June 29, 2007, the date Petitioner filed a motion for postconviction relief based upon the DNA evidence. Ex. M. However, one hundred thirty days of the one year period had expired as of June 29, 2007. The tolling of the limitations period ended on December 7, 2009 when the First District issued the mandate concluding its review of the post conviction motion. The petition in this case was filed on December 3, 2010, three hundred sixty-one days after the tolling ended. Because one hundred thirty days already had expired before the post conviction motion was filed the Petitioner filed the petition in this case four hundred ninety-one days after the date Petitioner's counsel received the DNA report – the date when for AEDPA purposes the Petitioner knew or should have known of the factual predicate of his claim in this case.

Thus, under 28 U.S.C § 2254(d)(1) (D) the instant petition is clearly time-barred, and Respondent's motion to dismiss is due to be granted.

Lastly, even though the petition is time barred the petition is without merit. Putting aside the issue of whether Petitioner's claim is actually a free standing claim based upon actual innocence and whether a petitioner may obtain federal habeas relief based upon a free standing claim of actual innocence, the DNA test results have little probative value to the issue of whether the Defendant was guilty of first degree murder.

According to Petitioner, had the DNA evidence been revealed to the jury there is a strong likelihood that petitioner would not have been convicted.  There are several shortcomings in this argument. Notably, the DNA test results did not answer the

question of whether Petitioner was or was not a contributor of the sperm found in the anal swab of the victim. Rather, the DNA results at best demonstrate only that the Petitioner was not a contributor to the non semen sample from the swab. Simply put, the DNA sample was not probative of whether the Petitioner's semen was present in the anal swab and thus would not inform the trier of fact as to whether the Petitioner sexually assaulted the victim – as the State argued – or whether the Petitioner killed the victim because the victim made sexual advances to Petitioner.

The Petitioner, of course was not charged with sexual assault but rather was charged with first degree murder. The evidence supporting first degree murder was more than ample. Petitioner admitted that he had a fight with the victim, that he pulled his knife on the victim and that he indeed stabbed the victim albeit to avoid being raped by the victim. The anal swab of the victim and the DNA testing conducted more than twenty years after the murder offers nothing to the question of whether the Petitioner murdered the victim and is not probative of whether the victim did or did not make sexual advances to Petitioner. Accordingly, Petitioner has failed to demonstrate that he is entitled to habeas relief based on the DNA testing.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the motion to dismiss, Doc. 15, should be **GRANTED.**

2. That the petition for a writ of habeas corpus (Doc. 1) be **DENIED**.

3. That a certificate of appealability be **DENIED.**

**IN CHAMBERS** this 1st day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**